**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES of the AMALGAMATED MEAT CUTTERS AND RETAIL FOOD STORE EMPLOYEES UNION LOCAL 342 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> KAMAL CORPORATION d/b/a TRADE FAIR #1; LARA FOOD CORPORATION d/b/a TRADE FAIR #2; CORO FOOD CORPORATION d/b/a TRADE FAIR #4; LOREEN CORPORATION d/b/a TRADE FAIR #5; NADINE CORPORATION d/b/a TRADE FAIR #6; CRESCENT FOOD CORPORATION d/b/a TRADE FAIR #7; FARID JABER CORPORATION d/b/a TRADE FAIR #7; ZIAD FOOD CORPORATION d/b/a TRADE FAIR #8; 89-02 FOOD CORPORATION d/b/a TRADE FAIR #9; 131-10 FOOD CORPORATION d/b/a TRADE FAIR # 11; and upon information and belief KEARNEY REALTY CORPORATION; NATIONAL FARM WHOLESALE FRUIT & VEGETABLE CORPORATION; 94-01 REALTY CORPORATION; RAMZI REALTY CORPORATION; 99 G.G.S REALTY CORPORATION; 30-08 REALTY CORPORATION; LAGUARDIA RETAIL MANAGEMENT CORPORATION; XYZ CORPORATIONS (1-10); and JOHN AND JANE DOES (1-10), <br><br> Defendants. | **COMPLAINT** |

Plaintiffs, the Trustees (the "Trustees") of the Amalgamated Meat Cutters and Retail Food Store Employees Union Local 342 Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Kamal Corporation d/b/a Trade Fair

#1, Lara Food Corporation d/b/a Trade Fair #2, Coro Food Corporation d/b/a Trade Fair #4, Loreen Corporation d/b/a Trade Fair #5, Nadine Corporation d/b/a Trade Fair #6, Crescent Food Corporation d/b/a Trade Fair #7, Farid Jaber Corporation d/b/a Trade Fair #7, Ziad Food Corporation d/b/a Trade Fair #8, 89-02 Food Corporation d/b/a Trade Fair #9, 131-10 Food Corporation d/b/a Trade Fair #11, Kearney Realty Corporation ("Kearney Realty"), National Farm Wholesale Fruit & Vegetable Corporation ("National Farm"), 94-01 Realty Corporation ("94-01 Realty"), Ramzi Realty Corporation ("Ramzi Realty"), 99 G.g.s. Realty Corporation ("99 G.g.s Realty"), 30-08 Realty Corporation ("30-08 Realty"), Laguardia Retail Management Corporation ("Laguardia Retail"), fictitious entities XYZ Corporations (1-10), and fictitious individuals John and Jane Does (1-10), allege as follows:

## I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to recover statutorily prescribed withdrawal liability arising out of the mass withdrawal termination of the Fund as of December 1, 2010.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover the allocated share of the Fund's unfunded vested benefits attributable to companies operating under the "Trade Fair" trade name, accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because, pursuant to ERISA § 4301(d), 29 U.S.C. § 141(d), they reside and do business within the United States.

2

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5.     Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

### III.     PARTIES

6.     The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37).  The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7.     Plaintiffs are the trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8.     Trade Fair is a trade name for a conglomerate of for-profit supermarkets operating in and around Queens, New York.  The Trade Fair trade name is, and has since December 1, 2010, been used by the following Defendants, which collectively, are referred to as the "Trade Fair Defendants":

   a. Defendant Kamal Corporation d/b/a Trade Fair #1 is a for-profit domestic corporation having its principal place of business at 30-08 30th Avenue, Astoria, New York 11102.

   b. Defendant Lara Food Corporation d/b/a Trade Fair #2 is a for-profit domestic corporation having its principal place of business at 79-14 21st Avenue, East Elmhurst, New York 11370.

c. Defendant Coro Food Corporation d/b/a Trade Fair #4 is a for-profit domestic corporation having its principal place of business at 49-11 30th Avenue, Woodside, New York 11377.

d. Defendant Loreen Corporation d/b/a Trade Fair #5 is a for-profit domestic corporation having its principal place of business at 37-11 Ditmars Boulevard, Astoria, New York 11105.

e. Defendant Nadine Corporation d/b/a Trade Fair #6 is a for-profit domestic corporation having its principal place of business at 99-10 Astoria Boulevard, East Elmhurst, New York 11369.

f. Defendant Crescent Food Corporation d/b/a Trade Fair #7 is a for-profit domestic corporation having its principal place of business at 23-55 Broadway, Long Island City, New York 11106.

g. Defendant Farid Jaber Corporation d/b/a Trade Fair #7 is a for-profit domestic corporation having its principal place of business at 23-55 Broadway, Long Island City, New York 11106.

h. Defendant Ziad Food Corporation d/b/a Trade Fair #8 is a for-profit domestic corporation having its principal place of business at 22-20 36th Avenue, Long Island City, New York 11106.

i. Defendant 89-02 Food Corporation d/b/a Trade Fair #9 is a for-profit domestic corporation having its principal place of business at 89-02 37th Avenue, Jackson Heights, New York 11372.

      j. Defendant 130-10 Food Corporation d/b/a Trade Fair #11 is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 210, Astoria, New York 11102.

9. At all relevant times, the Trade Fair Defendants have been wholly owned by, upon information and belief, non-party Farid Jaber.

10. At all relevant times, the following companies have also been wholly owned by, upon information and belief, non-party Farid Jaber, which collectively, are referred to as the "Named Controlled Group Defendants."

      a. Defendant Kearney Realty is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 210/250, Astoria, New York 11102.

      b. Defendant National Farm is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 210, Astoria, New York 11102.

      c. Defendant 94-01 Realty is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 260, Astoria, New York 11102.

      d. Defendant Ramzi Realty is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 210, Astoria, New York 11102.

      e. Defendant 99 G.g.s. Realty is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 260, Astoria, New York 11102.

    f. Defendant 30-08 Realty is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 260, Astoria, New York 11102.

    g. Defendant Laguardia Retail is a for-profit domestic corporation having its principal place of business at 30-12 30th Avenue, Suite 210, Astoria, New York 11102.

  11. Defendants XYZ Corporations (1-10) are fictitious entities whose identities are not currently known to the Trustees, but who, upon information and belief, were trades or businesses under common control with Trade Fair Defendants within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

  12. Defendants John and Jane Does (1-10) are fictitious individuals whose identities are not currently known to the Trustees, but who, upon information and belief, were sole proprietorships under common control with Trade Fair Defendants at the time of the Fund's mass withdrawal termination within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## IV. FACTUAL BACKGROUND

  13. The Trade Fair Defendants were party to a collective bargaining agreement (the "CBA") with the Amalgamated Meat Cutters and Retail Food Store Employees Union Local 342, with respect to which the Fund was a third-party beneficiary. The CBA required the Trade Fair Defendants to remit contributions to the Fund on behalf of those employees covered by the CBA.

  14. As of December 1, 2010, the Fund experienced a "mass withdrawal" termination within the meaning of 29 C.F.R. § 4001.2 and ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).

15. As a result of the Fund's termination, all contributing employers, including the Trade Fair Defendants, ceased to have an obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), and became obligated to pay initial withdrawal liability, redetermination liability, and reallocation liability in accordance with 29 C.F.R. § 4219.11 to 12.

16. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated November 3, 2011, a true and correct copy of which is attached as **Exhibit A**, the Fund provided the Trade Fair Defendants with a calculation of their combined initial and redetermination liability, which was payable in thirty-one (31) quarterly installments of $16,686.00 commencing on or before January 2, 2012.

17. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated January 18, 2013, a true and correct copy of which is attached as **Exhibit B**, the Fund notified the Trade Fair Defendants that their reallocation liability was calculated to be $581,887, making the total amount of their outstanding withdrawal liability $975,314. In the letter, the Fund advised the Trade Fair Defendants that they should continue to remit quarterly installments of $16,686.00 in accordance with the initial assessment, and that they were required to make these quarterly payments until January 2, 2035.

18. To date, the Trade Fair Defendants have made quarterly payments satisfying $445,182 of their outstanding withdrawal liability.

19. After having not received the full quarterly payment due on October 2, 2019, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated October 10, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund

notified the Trade Fair Defendants that they were in default of their withdrawal liability obligations, and offered them an opportunity to cure the default within sixty (60) days.

20. After not having received the demanded payment, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated January 17, 2020, a true and correct copy of which is attached as **Exhibit D**, the Fund notified the Trade Fair Defendants that they remained in default of their withdrawal liability obligations, and that the Fund had elected to accelerate the Trade Fair Defendants' withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

21. At no time did the Trade Fair Defendants, or any other party, commence arbitration to challenge the Fund's assessment of initial, redetermination, and reallocation liability.

## COUNT I

### Withdrawal Liability Owed by Trade Fair Defendants to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

22. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

23. By certified letter dated November 3, 2011 and January 18, 2013, the Fund provided the Trade Fair Defendants with a calculation of, respectively, their combined initial and redetermination liability and their reallocation liability pursuant to ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1).

24. After making quarterly payments in accordance with the Fund's withdrawal liability assessments, the Trade Fair Defendants failed to remit any further payments to the Fund, including the quarterly payment due on October 2, 2019.

25. By certified letter dated October 10, 2019, the Fund notified the Trade Fair Defendants that they were in default, and offered them an opportunity to cure the default within sixty (60) days.

26. Because the Trade Fair Defendants failed to timely cure their default, by certified letter dated January 17, 2020, the Fund notified the Trade Fair Defendants that the Fund had elected to accelerate the Trade Fair Defendants' withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

27. More than 180 days have elapsed since the Fund notified the Trade Fair Defendants of their initial, redetermination, and reallocation withdrawal liability, and the Trade Fair Defendants have failed to timely initiate arbitration proceedings pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

28. Because the Trade Fair Defendants have failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), their liability is incontestable, and they are liable to pay to the Fund their accelerated withdrawal liability.

29. Plaintiffs, the Trustees of the Fund, demand judgment against the Trade Fair Defendants for $530,132 for the outstanding amount of their allocated share of the unfunded vested liabilities of the Fund, as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by the Named Control Group Defendants to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

30. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

31. Upon information and belief, Farid Jaber is the CEO and 100% owner of each of the Trade Fair Defendants.

32. Upon information and belief, Farid Jaber is the CEO and 100% owner of each of the Named Control Group Defendants.

33. Therefore, the Named Control Group Defendants are trades or businesses that were under common control with the Trade Fair Defendants within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

34. As such, the Named Control Group Defendants are jointly and severally liable with the Trade Fair Defendants for the Trade Fair Defendants' outstanding withdrawal liability.

35. Plaintiffs, the Trustees of the Fund, demand judgment against the Named Control Group Defendants for $530,132 for the outstanding amount of their allocated share of the unfunded vested liabilities of the Fund, as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by XYZ Corporations (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

36. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

37. Defendants XYZ Corporations (1-10), upon information and belief, are trades or businesses that were under common control with Trade Fair Defendants within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

38. As such, Defendants XYZ Corporations (1-10) are jointly and severally liable with the Trade Fair Defendants for the Trade Fair Defendants' outstanding withdrawal liability.

39. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants XYZ Corporations (1-10) for $530,132 for the outstanding amount of Trade Fair Defendants' allocated share of the unfunded vested liabilities of the Fund, as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

40. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

41. Defendants John and Jane Does (1-10), upon information and belief, are sole proprietorships that were under common control with Trade Fair Defendants within the meaning

11

of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

42. As such, Defendants John and Jane Does (1-10) are jointly and severally liable with the Trade Fair Defendants for Trade Fair Defendants' outstanding withdrawal liability.

43. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants John and Jane Does (1-10) for $530,132 for the outstanding amount of Trade Fair Defendants' allocated share of the unfunded vested liabilities of the Fund, as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated:   March 11, 2020     **PROSKAUER ROSE LLP**

By:   */s/ Neil V. Shah*
             Neil V. Shah
Eleven Times Square
New York, NY 10036
(212) 969-3028
nshah@proskauer.com

*Counsel for the Plaintiffs*